CASANUEVA, Judge.
Curtis Thomas challenges the order of the trial court summarily denying his facially sufficient motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand with special instructions to the trial court.
On October 26, 1998, Thomas pleaded guilty to one count of aggravated assault and one count of kidnaping with the intent to harm or terrorize. He was sentenced to 150 months in prison to be served concurrently with sixty months in prison on a charge of failure to appear. Thomas did not appeal his judgments or sentences.
On December 9, 1999, Thomas timely filed this pro se motion for postconviction relief in the trial court. He raised four grounds of ineffective assistance of trial counsel. In an order dated July 20, 2000, the trial court denied ground four of the motion and ordered the State to respond to grounds one, two, and three. If the State in fact complied with the trial court’s order, its response is not part of the limited record before us now.
A hearing was held on January 18, 2002, for which it appears that Thomas retained new counsel. Counsel informed the court that he had “investigated Mr. Thomas’s allegations, and [he] explained to him [he had] to disclose to the Court ... that they are not well-founded, and they will not support relief under 3.850.” The trial judge then orally denied Thomas’s motion and directed the State to prepare an order denying relief of Thomas’s motion for post-conviction relief. The one-page transcript of that hearing was attached to the order denying relief.
It appears that that order was never entered or that Thomas never received notice of it. On January 30, 2003, Thomas filed a petition for writ of mandamus in this court. As a result of that filing, on March 19, 2003, the trial court denied his postconviction motion, nunc pro tune January 18, 2002. The trial court relied on the statements of Thomas’s counsel at the January 18, 2002, hearing, as well as “the court files and the record.” The limited record before us contains only the tran *941 script of the hearing and Thomas’s judgment and sentencing documents.
The record before this court does not support the summary denial of Thomas’s claims. Further, the representations of counsel to the court, at best, reflect only counsel’s legal opinion of his- client’s claims. The record nowhere reflects that Thomas authorized his counsel to stipulate to a denial of his motion. In the absence of such a stipulation, the court must make its determination based upon the record before it. Because the record does not refute Thomas’s claims, we reverse.
Since an extraordinary amount of time has passed since Thomas originally filed his motion in the trial court, we reverse the order of the trial court and remand the cause with instructions that an evidentiary hearing be held on counts one, two, and three within ninety days of the date of this mandate. We direct that counsel be appointed to represent Thomas.
Reversed and remanded with instructions.
WHATLEY and CANADY, JJ., Concur.